**PORTNEY, Plaintiff, v. PORTNEY JEWELRY CO., Defendant.**

Common Pleas Court, Montgomery County.

No. 101342.   Decided November 28, 1949

I. L. Jacobson, Dayton, for plaintiff and receiver.
Estabrook, Finn & McKee, Dayton for movants.
Harold Shellenbarger, Dayton, for receiver.

## OPINION

By CRAWFORD, J.

Several manufacturers have moved for orders restraining the receiver from selling their products for less than the minimum prices established by contracts under the Fair Trade Act (§6402-2 to 6402-9 GC). Regardless of whether this is the correct procedure for raising the point, let us consider its merits.

Movants' argument is based upon §6402-7 GC, entitled "Definitions," and particularly upon the final paragraph thereof, which reads:

" 'Person' includes individuals, partnerships, corporations, and any other business unit and/or receiver, trustee or assignee of such business units."

Hence, it is argued that every receiver is a "person" within the provisions of the act, and is therefore bound to observe the contract prices.

The definition is not an enacting clause, but an explanation of what has been enacted elsewhere. The substance of the act itself, declaring, among other things, what a "person" may or may not do, is contained in §6402-3 GC. Therefore, let us replace the word "person," as it appears in that section, with the pertinent adaptation of the definition of "person" from §6402-7 GC, distinguishing the definition by underscoring it.

When thus explained, §6402-3 GC is found to provide that "No contract relating to the sale or resale" of a fair trade commodity "shall be deemed in violation of any law of the state of Ohio by reason of any of the following provisions which may be contained in such contract: * * *

"(b) That the vendee or producer require any **Corporation or its receiver** to whom he may resell such commodity to agree that he will not, in turn, resell such commodity at less than the minimum price stipulated by such vendor or by such vendee.

"Such provisions in any contract shall be deemed to contain or imply provisions that such commodity may be resold, without reference to such agreement, in the following cases * * *

"(c) When the commodity is sold by the order of any court of record."

This renders the meaning clear and unmistakable that a receiver, like any other "person," must observe the stipulated minimum prices **except** "When the commodity is sold by the order of any court of record;" so that the existence of the exception relieves him of the requirment to conform to such prices.

In order to sustain the movants' contention we would have to add to the definition of "Person" in §6402-7 **GC** the words "or any court of record," or to add to exception (c) in §6402-3 **GC** the words "except by a receiver," or the words "on execution or foreclosure," (movants claiming that the excepted orders of court are thus limited). Of course, we cannot legislate in any such manner, but must construe the act as framed.

The Fair Trade Act is itself and by its very terms an exception to the anti-trust act which immediately precedes it (§6390 to §6402-1 **GC**). It must, therefore, be strictly construed. (See case cited of **Rayess v. Lane, 138 Oh St 401** at **409, 20 O. O. 514** at **518.**)

The several motions are, accordingly, overruled, and the liquidation may proceed in the regular manner, in accordance with the order heretofore made.